UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH FANTA,<br><br>                Plaintiff,<br><br>   v.<br><br>APPLE INC., et al.,<br><br>                Defendants. | Case No. 22-cv-04244-EJD (VKD)<br><br>**INTERIM ORDER RE STIPULATED PROTECTIVE ORDER**<br><br>Re: Dkt. No. 29 |

On April 11, 2023, the parties submitted a stipulated protective order for the Court's review. Dkt. No. 29. There appears to be a formatting error in paragraph 15(c) (". . . . from engaging in the activities set forth in Paragraph Error! Reference source not found."), and it is not entirely clear what provision of the protective order the parties meant to refer to at the end of that paragraph. This error should be corrected.

In addition, the Court has adopted an expedited dispute resolution procedure for discovery disputes, including disputes involving protective orders. *See* https://cand.uscourts.gov/vkd-standing-order-for-civil-cases-april-2022/. This procedure requires the submission of a joint letter, rather than a noticed motion, and would apply to disputes relating to matters covered by paragraphs 10(b), 11(b)(ii), and 14(c). The protective order should reflect that the expedited dispute resolution procedure applies.

Further, to the extent paragraph 13(b) purports to pre-authorize filing materials under seal simply because those materials are designated under the protective order, and without having to comply with the requirements of Civil L.R. 79-5 (*e.g.*, a properly supported administrative motion Civil L.R. 79-5(c) or (f)), such a provision is not consistent with the Local Rules of this District.

This provision of paragraph 13(b) should be omitted or clarified.

Finally, the parties' proposed order includes a provision in paragraph 19(f) that states: "All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California." The scope of this provision is not clear. For example, it is not clear whether it would put this Court in the position of deciding discovery disputes in other litigations or in other courts. This provision should be clarified.

The Court requests that the parties revise their proposed stipulated protective order to address these concerns and resubmit the proposed order for the Court's review by **April 20, 2023**.

**IT IS SO ORDERED.**

Dated: April 13, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge